## GILKERSON v. CONNOR.

M. contracted to purchase a lot of land from C. and made sundry payments, leaving a balance due. M., being indebted to G., gave to him the following paper: "Mr. C., you will please see that G. is paid for all my indebtedness to him for * *, before you make titles to me for the land and lot purchased of you." G. brought an action alleging these facts, and stating that nothing had been paid him, and he demanded judgment for the amount due him, and if not paid that the land be sold and the proceeds applied to the costs, then to the payment of the balance due C., and then to plaintiff's claim. The defendants demurred upon the ground that the complaint did not state facts sufficient to constitute a cause of action. The Circuit Judge overruled the demurrer, and M. appealed. *Held:*

1. That the order must be sustained as to C., as he did not appeal.
2. That the complaint stated a cause of action against M., in that it alleged a debt due by him and demanded judgment therefor.
3. That the equitable interest of M. in this land might be mortgaged, but that this paper was not a mortgage, but a simple order on C. to pay G. a certain debt. As C. never accepted the order and had no funds in hand, he was not liable.
4. The plaintiff is not entitled to specific performance, as the paper he holds does not assign him, either legally or equitably, the interest of M. in the original contract.

Before HUDSON, J., Abbeville, February, 1884.

The opinion states the case. The order of the Circuit Judge was as follows:

According to the allegations of the complaint, the defendant, Ned Murphy, acquired, by his contract to purchase the small lot of land of F. A. Connor, an equitable interest or estate therein. Connor's bond for titles and the possession of Murphy thereunder gave him such an estate in the land as could be aliened by conveyance, absolute or by way of mortgage. See 1 *Jones Mort.,* §§ 172, 173; *Roddy* v. *Elam,* 12 *Rich. Eq.,* 343.

I construe this paper in the form of an order, notice, or instruction, which was delivered by Murphy to Gilkerson, a copy of which is set out in the pleadings as an assignment of so much of Murphy's interest in the land, as is sufficient to pay his indebtedness to Gilkerson and a notice to Connor of the fact. It is in the nature of an equitable mortgage on the estate of Murphy in the land. I interpret the complaint to be an action having for its object the foreclosure of this mortgage with all parties in interest properly before the court.

It may be viewed in another light, viz., as an action for specific performance by an assignee of the original contract.

Viewed in either light, the complaint is not obnoxious to a demurrer as not stating facts sufficient to constitute a cause of action.

It is adjudged, therefore, that the demurrer be overruled with costs to abide the event of suit; and that the defendants, F. A. Connor and Ned Murphy, have leave to answer the said complaint within thirty days from the filing of this judgment.

*Mr. W. C. Benet,* for appellant.

*Mr. Eugene B. Gary,* contra.

March 6, 1886. The opinion of the court was delivered by

MR. CHIEF JUSTICE SIMPSON. Sometime in 187 , the defendant Murphy contracted to buy from the defendant Connor a certain lot of land situate in the town of Cokesbury, in this State, at the price of ————; which was to be paid "within a reasonable time" after said contract, upon which payment Connor agreed to

execute titles.  Murphy paid a portion of the purchase money, and was let into possession.  He has since made various other payments, but there still remains unpaid some $155.   Since Murphy has been in possession, he has become indebted to the plaintiff, and on February 21, 1881, he executed to the plaintiff a paper, of which the following is a copy: "South Carolina.  Abbeville County.   Mr. F. A. Connor: You will please see that Mr. Gilkerson is paid for all my indebtedness to him for advances, and for his security to Wm. Z. McGhee for one horse, before you make titles to me for the land and lot purchased of you, &c. (Signed) NED MURPHY, [L. S.]   In the presence of F. F. Gary, &c."

The complaint of the plaintiff stated the above facts, in substance, with the further statement, that the amount due the plaintiff from the defendant Murphy was $259, no part of which had been paid, and that Connor had been duly notified of the execution of the paper above referred to, but that Connor and Murphy had refused to adjust and settle the matter; wherefore he prayed judgment against Murphy for the amount aforesaid, and in case of his refusal or inability to pay the same, that the land be sold, the proceeds to be applied, first, to the costs and expenses of suit; second, to the payment of the balance due Connor; and, third, to the claim of the plaintiff, &c.

The defendants demurred to the complaint, because it did not state facts sufficient to constitute a cause of action.   His honor, Judge Hudson, overruled the demurrer, on two grounds: First, because, in his opinion, the paper in question was an equitable mortgage of Murphy's interest in the land, and the action being an action to foreclose this mortgage, it was maintainable; and, second, the action might be regarded as an action for specific performance by an assignee of the original contract.   The defendant Murphy appealed upon several exceptions, contesting both the grounds upon which his honor overruled the demurrer.

We think his honor's order must be sustained, but upon other grounds than those upon which it was based.   In any event, it must be sustained as to Connor, because he has not appealed, and it must be sustained as to Murphy, for the reason that the complaint states a cause of action against him, independent of the

relief sought, by foreclosure of the equitable mortgage. It is stated that Murphy is indebted to plaintiff in the sum of $259, which the paper in question was executed to secure, and it demands that Murphy be required to pay this amount. In other words, it demands judgment, and only seeks a sale of the land in the event that Murphy refuses, or is unable to pay the said debt. Here, then, is a clear cause of action, which was sufficient to sustain the complaint and keep it in court, although one of the remedies sought may not have been appropriate or pertinent. We do not think, however, that the paper in question was either an equitable mortgage, giving a lien upon the lot, which the plaintiff Gilkerson could enforce, nor did it authorize Gilkerson, as assignee of the original contract of purchase, to demand specific performance.

What is the legal character of the paper? It is nothing more than an order drawn by Murphy on Connor in favor of the plaintiff. Connor, as it appears, had no funds in his hands belonging to Murphy, nor did he accept the order. Connor was, therefore, in no way liable upon this order. It may be said, however, that while Connor had no funds in his hands belonging to Murphy, yet that he held titles to the lot in question, in which Murphy had an equitable interest, to the extent of the purchase money paid by him, and that this paper was drawn on the land to that extent, and, therefore, a mortgage on it to that extent, as an equitable interest may be mortgaged. 1 *Jones Mort.*, §§ 172–3; *Roddy* v. *Elam*, 12 *Rich. Eq.*, 345.

It is true, that where one gets possession of land under a contract of purchase with bond for titles, or, perhaps, even under a mere contract of purchase without the bond, in terms, for titles, he may have such an equitable interest therein as would be the subject of mortgage; and if it appeared that such was the intention of the parties here, that is, that Murphy intended to mortgage his equitable interest in the land to the plaintiff, and give him a specific lien thereon, it might possibly be enforced. But does this intent appear, from a legitimate construction of the paper? The land is not mentioned as a pledge to the plaintiff, nor does it appear anywhere in the paper, expressly or impliedly, that it was intended to be a security for the plaintiff's claim. On

the contrary, as already stated, the paper is a mere order on, or rather a request to, Connor, that he pay a debt to the plaintiff, which Murphy acknowledges he owes to said plaintiff, saying, in substance, if he would do so that he might hold on to the titles until he was reimbursed. But Connor has not made the payment requested; he has declined. Nor has he assigned any rights he had, if any, under it to the plaintiff.

Under these circumstances, it seems to us that it would be stretching the doctrine of mortgages of equitable interests too far to allow the plaintiff a specific and prior lien on this land by virtue of a paper of the kind before us. The authorities cited in the argument before us sustain the proposition that certain equitable interests in land may be the subject of a mortgage, but that is not the question here. The question is, does the paper in question amount to a mortgage, and not whether the interest of Murphy is mortgagable. It is certainly not a mortgage in form, and, therefore, it is not a legal mortgage. Nor does it appear to us to have been intended as a mortgage to the plaintiff, and, therefore, it is not an equitable mortgage, of an equitable interest, as claimed. Nor do we think that the action can be construed to be an action for specific performance by the plaintiff as an assignee of the original contract, as, in our opinion, the paper does not assign said original contract, either legally or equitably.

It is the judgment of this court, that the judgment of the Circuit Court, overruling the demurrer, be affirmed, as to both defendants, on the grounds stated above.